McFarland, J.,
delivered the opinion of the court.
On the 14th of December, 1868, Sallie E. Bruce filed this bill in the Chancery Court at Chattanooga, in which she alleges, in substance, that she is the widow of E. M. Bruce, who died in December, 1866, his domicil at the time being in the State of Kentucky; ■ that administration upon his estate was granted to her by the proper authority in Kenton county, in said State, but she had not completed her administration. She states that the entire personal and real estate will be insufficient to pay the debts. She shows that said intestate left certain lands in .Hamilton county, out of which she claims dower. The bill says: “Your complainant knows of no personal property or debts due the estate of intestate in the State of Tennessee, * * * and your complainant knows of no person that will apply, or can be procured to administer on said estate in the State of Tennessee.” She states that she will not administer herself. The bill prays for an assignment of dower, the appoint *762 ment of an administrator, that an account be taken of the debts of such creditors as may come in and have themselves made parties, a sale of the real estate, and the surplus, after paying debts and expenses, be transferred to the primary administration in Kentucky. The bill mentions no debts due from the estate, and does not give the name of any creditor.
The Chancellor, by fiat at chambers, ordered that upon the filing of the bill publication should be made as to the non-resident defendants, and also requiring the creditors to come forward, exhibit their demands, and have themselves made parties.
On- the 27th of January, 1869, a decree was rendered by the Chancellor appointing Nash H. Burt administrator of the estate, and ordering that he be made a party complainant with Mrs. Bruce; also appointing a guardian ad litem for the minors who reside in Kentucky. The guardian ad litem filed a pro forma answer. This decree also orders proof to be taken as to the insolvency of the estate, as the decree recites, “as a matter of safety.” An order of publication was made on the 20th of April, 1869, requiring the creditors to appear and be made parties by the 1st Monday, in June, 1869. On the 27th of July, 1869, an order was made requiring the master to report whether the personal assets were insufficient to pay the debts. On the next day, the 28th, the master made his report, showing that the estate is largely insolvent and will not pay more than 10 or 15 cents to the dollar.
This report does not specify any debts, or show *763 who the creditors are, and up to this time no creditor had appeared or filed his claim. The report is founded upon the deposition of Mrs. Bruce’s attorney at Covington, who proves in general terms that the estate is largely insolvent. On the 31st of July a decree was rendered confirming this report and ordering a sale of the land, without the right of redemption, upon a credit of six and twelve months, except ten per cent, required in cash. A further publication as to creditors was directed .by this decree. The sale of the land was made on the 30th of November, 1869, and confirmed on the 4th of February, 1870. On the 14th of January, 1870, S. B. Mai appeared by petition, alleging that he was a creditor of the estate to the amount of $13,625, “balance on settlement of various business matters.” Subsequently the Chancellor ordered a more specific statement to be made of the nature of this indebtedness, which was done, and proof taken upon it, and upon the hearing the Chancellor allowed the claims.
From this decree the complainant has appealed to this court. Mal has also appealed from the decree declaring the insolvency of the estate, and the decree ordering the land sold, and also the decree confirming the sale.
Upon the facts thus stated, we proceed to declare our conclusions:
A court of chancery is not a probate court, and has in this respect only the statutory jurisdiction conferred by the Act of 1842: Code, sec. 2209 et seq. See Evans v. Evans, 2 Col. This gives the jurisdic *764 tion only in the exceptional case “where more than six months have elapsed and no one will apply or can be procured to administer”: sec. 2209. Sec. 2210 enacts that “to this end the next of kin or any creditor of the deceased may file his bill in ■chancery,” etc. This bill is filed by the widow. She is not a creditor, and is not “next of kin.” See Wilson v. Frazier, 2 Hum., 30. In that case the question was made, whether a widow would have the right to administer under the Act of Henry VIII., when the right was not secured by the Act •of 1715. But the question was not decided. It is clear that, by the words, of the statute, in this case the right to file the bill is not given to the widow as such. It is true, she may have an interest in the personal estate as distributee. In case there be personal estate, the right to file the bill might be given by a liberal construction of the statute. But here the bill shows, as well as the other proceedings in the cause, that there is no personal estate in Tennessee. The widow has no interest in the real estate, ■except her right to dower. Her administration in Kentucky gives her no right that can be recognized in this State. So the right to file this bill for the appointment of an administrator is not given to the widow by the words of the statute, nor can it be maintained upon the ground that she has an interest in the real estate sought to be sold and administered.
Again, the allegations of the bill are not in compliance with the statute. She does not allege “that no one will anplv or can be procured to administer,” *765 but alleges that she “knows of no person that will apply or can be procured to administer.” The complainant resides in Kentucky, and this allegation may be true without making a case provided for by the statute. But it is answered that there was no objection taken to this bill by demurrer. But there are no parties before the court to demur. No creditor was before the court. A guardian ad litem was appointed for the minors in' the same decree appointing the administrator, and he assumed the trust after the action of the court in appointing the administrator; but aside from this, it does not appear that the minors were then before- the court. The decree does not recite any publication as to them, and there is no evidence of such publication in the record; and besides this, we do not concede, that if they had been before the court, their failure to demur would have given the court jurisdiction in a case of this character. It is true the creditor Mai, who appeals, does not take any objection to this appointment. He insists merely upon the error in selling the land. He is the only creditor who has appealed, and, under the view of the case taken by his counsel, if his claim be valid he would get the entire fund, as no other creditor has appeared. He cannot, however, waive the objection going to the jurisdiction of the court, particularly when, according to the facts as assumed in this record, there are other parties interested.
This view disposes of the case. The decrees of tbe Chancellor will all be reversed, the sale of the land set aside, the purchase money refunded to the *766 purchaser, and the appointment of the administrator set aside. The cause will he remanded, to the end that the complainant may proceed to have her right to dower determined, and the same assigned to her; for this purpose only the bill was properly filed. Mai will pay his own costs in the court below; the other costs will be paid by the complainant.